1  JOHN C. ULIN (State Bar No. 165524)
   John.Ulin@apks.com
2  ARNOLD & PORTER KAYE SCHOLER LLP
   777 South Figueroa Street, 44th Floor
3  Los Angeles, California  90017-5844
   Telephone: (213) 243-4000
4  Facsimile:  (213) 243-4199
5
6  *Attorneys for Plaintiff*
   *Yerevan Brandy Company CJSC*
7

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11

12  YEREVAN BRANDY COMPANY           )   Case No.:  _____
    CJSC, an Armenian closed joint-stock  )
13  company,                         )   **COMPLAINT FOR:**
                                     )
14                    Plaintiff,     )   (1)   Trademark Infringement in Violation
                                     )         of 15 U.S.C. § 1114;
15                                   )
          v.                         )
16                                   )   (2)   False Designation of Origin in
                                     )         Violation of 15 U.S.C. § 1125(a);
17  IJEVAN WINE-BRANDY FACTORY       )
    CJSC, an Armenian closed joint-stock  )
18  company, and SPECIALTY           )   (3)   Common Law Trademark
    IMPORTS, INC., a California      )         Infringement and Unfair
19  corporation,                     )         Competition;
                                     )
20                                   )
                    Defendants.      )   (4)   Unfair Competition in Violation of
21                                   )         California Bus. & Prof. Code §§
                                     )         17200 *et seq.*
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )
                                     )
26                                   )
                                     )
27                                   )
                                     )
28  _____  )

Plaintiff Yerevan Brandy Company CJSC ("YBC"), by and through its undersigned counsel, complains of defendants Ijevan Wine-Brandy Factory CJSC ("Ijevan Wine-Brandy Factory") and Specialty Imports, Inc. (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     YBC seeks injunctive relief and damages for acts of trademark infringement, false designation of origin and unfair competition in which Defendants have engaged in violation of the laws of the United States and the State of California.

2.     In particular, this action concerns Defendants' willful infringement of YBC's highly distinctive, federally-registered label design for its well-received ARARAT HAYASTAN-brand of Armenian brandy (the "Label Design Trademark").

3.     After YBC expended meaningful resources manufacturing, advertising, marketing, promoting, supplying, offering for sale and selling Armenian brandy products bearing its Label Design Trademark, and after consumers had come to recognize such label design and associate it exclusively with YBC and its ARARAT HAYASTAN-brand of Armenian brandy products, Defendants introduced their own, directly competitive brandy products under the "Ijevan" brand name featuring a label design that is confusingly similar to YBC's Label Design Trademark and which is clearly intended to call to mind YBC's well-known ARARAT HAYASTAN-brand of Armenian brandy products.

4.     Upon information and belief, Defendants engaged in this conduct without YBC's consent, in bad faith, and deliberately so that they could compete directly with YBC, and siphon off sales from YBC's ARARAT HAYASTAN-brand Armenian brandy products.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  YBC's claims are predicated upon the Trademark Act of 1946,

2

1  as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the

2  statutory and common law of the State of California.

3        6.     Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court

4  may properly exercise personal jurisdiction over Defendants, since Specialty Imports,

5  Inc. resides in this judicial district, and both Ijevan Wine-Brandy Factory and

6  Specialty Imports, Inc. have caused harm to YBC's business within this judicial

7  district by, among other things, promoting and selling the Accused Product (as

8  defined below) in this district.

9  **THE PARTIES**

10        7.     Plaintiff YBC is a closed joint-stock company duly organized and

11  existing under the laws of Armenia, having its principal place of business at 2

12  Admiral Isakov Avenue, Yerevan, Armenia 0082.

13        8.     Upon information and belief, defendant Ijevan Wine-Brandy Factory is a

14  closed joint stock company duly organized and existing under the laws of Armenia,

15  having its principal place of business at Yerevanyan 9, Ijevan, Armenia.

16        9.     Upon information and belief, defendant Specialty Imports, Inc. is a

17  corporation organized and existing under the laws of the State of California, having

18  its principal place of business located at 11627 Cantara Street, N. Hollywood,

19  California  91605.

20  **FACTS GIVING RISE TO THE ACTION**

21        10.    YBC is a leading producer, supplier, exporter and brand owner of brandy

22  products in Armenia, and is a subsidiary of one of the world's leading alcohol

23  beverage companies, Pernod Ricard, S.A. of Paris, France.  Among the popular

24  products owned and produced by YBC are Armenian brandy products sold under the

25  ARARAT HAYASTAN brand name and bearing the distinctive and well-known

26  Label Design Trademark appearing below:

27

28



11.     YBC first launched and exported its ARARAT HAYASTAN-brand Armenian brandy products under the Label Design Trademark in the United States in August 2015, and since that time such products have been distributed and sold in this country, including within this judicial district.

12.     YBC and its United States-based importers have invested substantial time, money and effort advertising, marketing and promoting Armenian brandy products sold under the Label Design Trademark within the United States, including this judicial district.  As a result, YBC's products sold under the Label Design Trademark have become well and favorably known by consumers of Armenian brandy products, and significant goodwill has been developed in the Label Design Trademark in the United States.

13.     The Label Design Trademark is the subject of U.S. Trademark Registration No. 5,258,551, registered on August 8, 2017 on the Principal Register of the United States Patent and Trademark Office, for Armenian brandy.  YBC's registration for the Label Design Trademark is in full force and effect.  A copy of the registration certificate for the Label Design Trademark, along with a photograph of the Label Design Trademark as used by YBC on its ARARAT HAYASTAN-brand Armenian brandy products, is attached hereto as **Exhibit A**.

14.     Upon information and belief, Defendant Ijevan Wine-Brandy Factory is the manufacturer and supplier of IJEVAN-brand brandy products, including, without

4

limitation, the Armenian brandy product sold under the label design that is the subject of this action (variously hereafter the "Accused Label Design" and the "Accused Product").  Upon further information and belief, Defendant Ijevan Wine-Brandy Factory exported and sold the Accused Product to Defendant Specialty Imports, Inc. An image of the Accused Product is attached hereto as **Exhibit B**.

15.    Upon information and belief, Defendant Specialty Imports, Inc. is the United States importer, wholesaler and distributor of IJEVAN-brand Armenian brandy products manufactured and exported by Defendant Ijevan Wine-Brandy Factory, including, without limitation, the Accused Product.

16.    Upon information and belief, Defendants only first began advertising, marketing, promoting, supplying, distributing, offering for sale and selling the Accused Product in the United States after YBC had advertised, marketed, promoted, supplied, distributed, offered for sale and sold its ARARAT HAYASTAN-brand Armenian brandy products bearing the Label Design Trademark in this country.

17.    Upon information and belief, the Accused Product is sold to consumers in various retail locations within the State of California, including within this judicial district.

18.    By advertising, marketing, promoting, supplying, distributing, offering for sale and selling the Accused Product in the United States as aforesaid, Defendants are infringing YBC's rights in and to the Label Design Trademark, and falsely designating the origin of the Accused Product.  As a result, consumers and the trade are likely to be confused and mistakenly believe that the Accused Product emanates from, and/or is endorsed or sponsored by or otherwise affiliated with YBC.

19.    A comparison of YBC's ARARAT HAYASTAN-brand brandy product with the Accused Product makes clear that Defendants' label design deliberately copied original and inherently distinctive design elements appearing in the Label Design Trademark, and the placement of such elements, such that the overall

5

combination and layout of such design elements in the Accused Label Design is highly similar to the Label Design Trademark.  Such comparison appears below:



| YBC's ARARAT HAYASTAN Product | Defendants' Accused Product |
|---|---|

20.     Upon information and belief, Defendants were well aware of YBC's ARARAT HAYASTAN-brand Armenian brandy products, and the well-known Label Design Trademark at the time they designed the Accused Label Design, and began distributing the Accused Product in the United States.  Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and

1  intentionally, and/or with reckless disregard for YBC's rights in and to the Label

2  Design Trademark.

3       21.    Upon information and belief, Defendants intend to continue to design,

4  manufacture, import, export, distribute, supply, advertise, promote, offer for sale

5  and/or sell the Accused Product with the Accused Label Design, unless otherwise

6  restrained by this Court.

7       22.    Unless Defendants' conduct is enjoined, such conduct will severely

8  inhibit and/or destroy the ability of YBC's Label Design Trademark to identify YBC

9  as the exclusive source of the brandy products to which it is affixed.

**FIRST CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

12      23.    The allegations set forth in paragraphs 1 through 22 hereof are adopted

13  and incorporated by reference as if fully set forth herein.

14      24.    By the acts alleged herein, Defendants are using a mark that is

15  confusingly similar to YBC's Label Design Trademark, and have infringed, and

16  continue to infringe the Label Design Trademark, in violation of 15 U.S.C. § 1114.

17      25.    Upon information and belief, Defendants' use of a label design on its

18  Accused Product that is confusingly similar to YBC's Label Design Trademark has

19  caused, is intended to cause, and is likely to continue to cause confusion, mistake and

20  deception among the general consuming public and the trade as to the source of

21  Defendants' Armenian brandy products bearing such infringing label design, or as to

22  a possible affiliation, connection or association between YBC and the Accused

23  Product.

24      26.    Upon information and belief, Defendants have acted with knowledge of

25  YBC's ownership of the Label Design Trademark, and with the deliberate intention

26  to unfairly benefit from the goodwill symbolized thereby.

27      27.    Defendants' acts constitute willful trademark infringement in violation

28  of 15 U.S.C. § 1114.

28.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe YBC's Label Design Trademark, unless restrained by this Court.

29.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

30.     Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage YBC, and YBC has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31.     The allegations set forth in paragraphs 1 through 30 hereof are adopted and incorporated by reference as if fully set forth herein.

32.     Upon information and belief, Defendants use of a label design that is confusingly similar to YBC's Label Design Trademark has caused, is intended to cause, and is likely to continue to cause, confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between YBC and Defendants, and/or between YBC and the Accused Product.

33.     Defendants' aforementioned conduct constitutes a willful false designation of the origin of the Accused Product, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

34.     Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of the Accused Product, as aforesaid, unless restrained by this Court.

35.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

36.     Defendants' acts have irreparably damaged and, unless enjoined, will

8

1  continue to irreparably damage YBC, and YBC has no adequate remedy at law.

2                          **THIRD CLAIM FOR RELIEF**

3              **COMMON LAW TRADEMARK INFRINGEMENT**

4                      **AND UNFAIR COMPETITION**

5              37.    The allegations set forth in paragraphs 1 through 36 hereof are adopted

6  and incorporated by reference as if fully set forth herein.

7              38.    By deliberately manufacturing, importing, exporting, distributing,

8  supplying, promoting, advertising, offering for sale and/or selling the Accused

9  Product with a confusingly similar label design, Defendants are deceptively

10  attempting to "pass off" their Armenian brandy products as those of YBC, or as

11  somehow related to or associated with, or sponsored or endorsed by YBC, thereby

12  exploiting YBC's reputation and goodwill in the marketplace.

13              39.    Defendants' acts and conduct are likely to cause confusion, mistake and

14  deception among the general consuming public and the trade as to the source of

15  Defendants' Accused Product, or as to a possible affiliation, connection or

16  association between YBC and Defendants, and/or between YBC and the Accused

17  Product, in violation of YBC's rights under the common law of the State of

18  California.

19              40.    Upon information and belief, by their actions, Defendants intend to

20  continue their infringing and unfairly competitive acts, unless restrained by this

21  Court.

22              41.    Upon information and belief, by their willful acts, Defendants have

23  made and will continue to make substantial profits and gains to which they are not in

24  law or equity entitled.

25              42.    Defendants' acts have irreparably damaged and, unless enjoined, will

26  continue to irreparably damage YBC, and YBC has no adequate remedy at law.

27              43.    Pursuant to the common law of the State of California, YBC is entitled

28  to injunctive relief and an award of damages and/or Defendants' profits resulting

1  from Defendants' willful conduct.

2      44.    YBC is further informed and believes that Defendants' conduct was

3  oppressive, fraudulent and malicious, and YBC is thereby entitled to an award of

4  punitive damages.

5              **FOURTH CLAIM FOR RELIEF**

6           **CALIFORNIA UNFAIR COMPETITION**

7            **(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

8      45.    The allegations set forth in paragraphs 1 through 44 hereof are adopted

9  and incorporated by reference as if fully set forth herein.

10     46.    Defendants' aforesaid acts constitute unlawful, unfair, or fraudulent

11 unfair competition in violation of California Business & Professions Code §§ 17200

12 *et seq*.

13     47.    Upon information and belief, YBC has standing to assert this claim

14 under California Business & Professions Code §§ 17200 *et seq.* because its monetary

15 and property interests have been damaged by Defendants' aforesaid actions.  By way

16 of example, upon information and belief, YBC's sales efforts with respect to its

17 ARARAT HAYASTAN-brand Armenian brandy products have been negatively

18 impacted due to Defendants' aforesaid conduct, and/or the value of YBC's Label

19 Design Trademark has been diminished by Defendants' actions.

20     48.    Upon information and belief, by their actions, Defendants intend to

21 continue their unfairly competitive conduct, unless restrained by this Court.

22     49.    Upon information and belief, by their willful acts, Defendants have

23 made and will continue to make substantial profits and gains to which they are not in

24 law or equity entitled.

25     50.    Defendants' acts have irreparably damaged and, unless enjoined, will

26 continue to irreparably damage YBC, and YBC has no adequate remedy at law.

27     51.    Pursuant to California Business & Professions Code §§ 17200 *et seq.*,

28 YBC is entitled to injunctive relief and an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff YBC demands judgment against Defendants as follows:

1.      Finding that, (a) as to Count 1, Defendants engaged in willful trademark infringement against YBC in violation of 15 U.S.C. § 1114; (b) as to Count 2, Defendants engaged in willful false designation of origin and unfair competition as against YBC in violation of 15 U.S.C. § 1125(a); (c) as to Count 3, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California against YBC; and (d) as to Count 4, Defendants engaged in willful unfair competition in violation of California Business & Professional Code §§ 17200 *et seq.* against YBC.

2.      That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)      Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, marketing, offering for sale and/or selling the Accused Product, or any other product bearing a label design that is confusingly similar in overall appearance to YBC's Label Design Trademark, and engaging in any other activity constituting an infringement of any of YBC's rights in and to the Label Design Trademark; and

(b)      Engaging in any activity constituting unfair competition with YBC, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of label design elements and designations associated with YBC.

3.      That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that the Accused Product was designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, marketed, offered for sale and/or sold by

YBC, was authorized by YBC, or is related to or associated in any way with YBC or its brandy products.

4.     That Defendants be required to recall all Accused Product and any advertising and promotional materials depicting the Accused Product, and thereafter deliver up for destruction all such products and advertising and promotional materials, and any means of making such items.

5.     That Defendants be directed to file with the Court and serve upon YBC, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6.     That the Court award YBC (a) Defendants' profits and YBC's damages to the full extent provided for under 15 U.S.C. § 1117, with any monetary relief to be trebled; (b) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (c) actual and punitive damages as provided under the common law of the State of California; and (d) YBC's attorneys' fees and litigation-related expenses incurred herein.

7.     That YBC be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

8.     That YBC be awarded such additional and further relief as the Court deems just and proper.

1

Dated:  December 27, 2017          ARNOLD & PORTER KAYE SCHOLER LLP

2

3                                          By:  /s/ John C. Ulin

4                                               John C. Ulin

5                                               John.Ulin@apks.com
                                                777 South Figueroa Street, 44th Floor
6                                               Los Angeles, California  90017-5844
                                                Telephone:  (213) 243-4000
7                                               Facsimile:  (213) 243-4199

8
                                                *Attorneys for Plaintiff*
9                                               *Yerevan Brandy Company CJSC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



## United States of America
### United States Patent and Trademark Office

**Reg. No. 5,258,551**

**Registered Aug. 08, 2017**

**Int. Cl.: 33**

**Trademark**

**Principal Register**

Yerevan Brandy Company CJSC (ARMENIA closed joint stock company )
2 Admiral Isakov Avenue
Yerevan ARMENIA 0082

CLASS 33: Armenian brandy

FIRST USE 8-00-2015; IN COMMERCE 8-00-2015

The color(s) dark brown, light brown, beige, white and black is/are claimed as a feature of the mark.

PRIORITY CLAIMED UNDER SEC. 44(D) ON ARMENIA APPLICATION NO. 20141783, FILED 12-03-2014, REG. NO. 23003, DATED 05-04-2015, EXPIRES 12-03-2024

The mark consists of a rectangle that is divided into a narrow dark brown band on top, a wider dark brown band below that, and a wider light brown band below that; the narrower dark brown band at the top has a decorative border of light brown ovals and circles at its upper and lower edges; below that, the middle band has a design of grapes, stems and grape leaves to the left and right in shades of dark brown on a background that is covered overall with small dots also in shades of dark brown; in the center of the dark brown band is a half circle in shades of light brown with concentric rows of ornamental designs in dark brown and light brown; below this is a narrow light brown border that is broken at the center with a light brown circle with a dark brown outline that overlaps the bottom of the half-circle; in the broad light brown band that makes up the bottom three fifths of the rectangle is the wording "ARARAT" in white with all letters having an inner beige and an outer black outline, and with the "A"'s in larger type than the other letters; below that is the wording "EXCLUSIVE COLLECTION" in beige with a black outline; to the left of the word "ARARAT" is the wording "YEREVANI KONYAKI GORTSARAN" in dark brown Armenian lettering and to the right are the words "YEREVAN BRANDY COMPANY" in dark brown; below that is a design of a mountain in white, beige and light brown; below that, in large Armenian lettering in a shade of dark brown with a black outline is the word "HAYASTAN" in Armenian lettering, and below that, in smaller dark brown Armenian lettering, is the wording "HAYKAKAN KONYAK" and below that is the word "ARMENIA" in stylized lettering in a shade of dark brown with a black outline; all of the above wording is on a light brown background; at the bottom of the rectangle is a very narrow light brown border.

No claim is made to the exclusive right to use the following apart from the mark as shown: "EXCLUSIVE COLLECTION" AND "ARMENIA" AND "YEREVAN BRANDY



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

EXHIBIT A
14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPANY" AND THE NON-LATIN CHARACTERS THAT TRANSLITERATE TO YEREVANI KONYAKI GORTSARAN, HAYASTAN AND HAYKAKAN KONYAK

The non-Latin characters in the mark transliterate to "YEREVANI KONYAKI GORTSARAN", "HAYASTAN", and "HAYKAKAN KONYAK" and this means "Yerevan Brandy Company", "Armenia", and "Armenian brandy" in English.

SER. NO. 86-530,227, FILED 02-10-2015
JOHN S YARD, EXAMINING ATTORNEY

EXHIBIT A
15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**



EXHIBIT B
17